FILED
United States Court of Appeals
Tenth Circuit

November 25, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CASSANDRA LITTLE,

      Plaintiff - Appellant,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

      Defendant - Appellee.

No. 12-3266
(D.C. No. 2:12-CV-02205-JTM-GLR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Plaintiff-Appellant Cassandra Little appeals from the district court's

judgment dismissing her Fair Debt Collections Practices Act (FDCPA) complaint

against Defendant-Appellee Portfolio Recovery Associates, LLC ("PRA"). The

district court dismissed the complaint and denied leave to amend. Little v.

Portfolio Recovery Assocs, LLC, No. 12–2205–JTM, 2012 WL 3889107 (D. Kan.

Sept. 7, 2012). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm in

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

part and reverse in part.

## Background

Ms. Little filed her complaint on April 9, 2012, alleging that PRA engaged in debt collection practices that violated 15 U.S.C. §§ 1692d(5) and 1692e(11). Specifically, Ms. Little alleged that PRA called her by telephone and engaged her in conversation with the intent to annoy, abuse, and harass her. Aplt. App. 7-8. Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and in response, Ms. Little moved to file an amended complaint. She attached a proposed amended complaint to her motion.

The amended complaint added details to Ms. Little's § 1692d(5) claim, Aplt. Br. 10-12, omitted her § 1692e(11) claim, and added allegations under §§ 1692e(2) and (5). Aplt. Br. 10-13; Aplt. Appx. 12-15. In rejecting the proposed amended complaint, the district court stated that it was identical to the original complaint except for the added § 1692e(5) claim, and that it failed to satisfy the federal pleading requirements. Little, 2012 WL 3889107, at *1. The court noted that it dismissed another complaint filed by Ms. Little's attorney on behalf of a different client in Webb v. Convergent Outsourcing, Inc., 11-2606-JTM, 2012 WL 162394 (D. Kan. Jan. 19, 2012), a non-controlling district court decision.

## Discussion

- 2 -

We review a denial of leave to amend a complaint for abuse of discretion. Wilkerson v. Shinseki, 606 F.3d 1256, 1267 (10th Cir. 2010), and a dismissal under Rule 12(b)(6) de novo, Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009). Leave may be denied when the amendment would be futile. Wilkerson, 606 F.3d at 1267. A proposed amendment is futile if the amended complaint would be subject to dismissal. Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999). To avoid dismissal, the complaint must present "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Plausibility" refers to the scope of the complaint; it cannot be so general as to encompass a wide swath of innocent conduct. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). In assessing a motion to dismiss for failure to state a claim, we accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. Smith, 561 F.3d at 1098. Conclusory statements, threadbare recitals of elements, and legal conclusions, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint must provide more than "naked assertion[s] devoid of further factual enhancement." Id. (internal quotation marks omitted).

A. Section 1692e(5) Claim

15 U.S.C. § 1692e(5) prohibits debt collectors from threatening "to take any action that cannot legally be taken or that is not intended to be taken" in

connection with debt collection.  In her proposed amended complaint, Ms. Little alleged:

> Defendant's agent falsely stated that if the debt was not paid 'it will go further.'  When asked by Plaintiff what that meant, Defendant's collector falsely stated that 'it will go to litigation' and 'we will take you to court' in violation of [15 U.S.C. § 1692e(5)].

Aplt. App. 15.  We agree with the district court that Ms. Little has failed to state a plausible claim under § 1692e(5).  She has not alleged any facts supporting an inference that PRA's threats to litigate were legally proscribed or not made in good faith.  Absent such support, Ms. Little's allegation that the statements were made "falsely" is conclusory.  The district court was therefore within its discretion to deny Ms. Little leave to amend her complaint as to this claim because amendment would have been futile.

B. Other Claims

The district court, however, did not analyze Ms. Little's claims under §§ 1692d(5) or 1692e(2).  It noted that it dismissed another complaint in a different case, but did not engage in any substantive comparison of the complaints.  Little, 2012 WL 3889107, at *1; see Webb, 2012 WL 162394, at *2.  Of course, the amended complaint must be evaluated on its own terms.  The district court also incorrectly stated that Ms. Little's amended complaint was identical to her original complaint except for the paragraph introducing the § 1692e(5) claim.  The amended complaint made at least three other changes: it

specified the type of account Ms. Little held and owed debt on, Aplee. Supp. App. 12 ¶ 17; it alleged that the harassing behavior took place between February and April, 2012, id. at 12 ¶ 25, and that PRA's employees continued to call (multiple times per day) even after Ms. Little advised them she could not pay, id. at 13 ¶¶ 32, 33.

Given these omissions, we think the better course is to return the case to the district court. See Singleton v. Wulff, 428 U.S. 106, 120 (1976). On remand, the district court may obtain supplemental briefing and consider the characteristics of Ms. Little's § 1692d(5) claim that differ from the complaint in Webb, and address the § 1692e(2) claim in paragraph 35 of the proposed amended complaint. See Aplt. App. 15. We therefore affirm the judgment to the extent of its rejection of the § 1692e(5) claim, and reverse as to its rejection of the others at this stage.

AFFIRMED in part, REVERSED in part, and REMANDED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge